1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10  MARINA LONG,                          CASE NO. 15-cv-2836 WQH-RBB

11                          Plaintiff,    ORDER

12      v.

13  DESTINATION MATERNITY
    CORPORATION,
14
                            Defendant.
15  HAYES, Judge:

16          The matter before the Court is the objection to order (ECF. No. 114) and motion

17  for review pursuant to Fed. R. Civ. P. 72(A) filed by Defendant Destination Maternity

18  Corporation.  (ECF No. 132).  Defendant seeks review of the Order of the Magistrate

19  Judge requiring Defendant to produce "all documents that their 30(b)(6) witness

20  reviewed, consulted, or glanced at during the course of her deposition." (ECF Nos. 114,

21  149).

22                          **BACKGROUND FACTS**

23          On February 7, 2017, counsel for Plaintiff took the deposition of Defendant's

24  Rule 30(b)(6) designee, Aida Tejero-DeColli, Senior Vice President of Human

25  Resources for Destination Maternity ("the witness").  The witness brought a binder to

26  her deposition that contained (1) a tabbed collection of bates-labeled policy-related

27  documents, selected by outside counsel for Destination Maternity; (2) a single sheet

28  index of these selected policy documents created by outside counsel for Destination

Maternity; (3) a copy of the deposition notice; and (4) a document entitled "Deposition Topics and Relevant Documents" which was prepared by outside counsel for Destination Maternity. (ECF No. 132-4 at 2). The policy-related documents in the binder represented a small, attorney-selected portion of the documents produced to Plaintiff in discovery. Certain pages of the policy documents were highlighted at counsel's direction to correspond to highlights that were made in counsel's copy of the binder. Because the witness works and resides in a different state, the assembling of the binder and its form of presentation was meant to facilitate counsel's remote communications with the witness in preparation for her deposition.

At the start of the deposition, defense counsel was not aware that the document entitled "Deposition Topics and Relevant Documents" was in the binder. This document was prepared at the direction of defense counsel based upon counsel's legal assessment of the policies and procedures which had been produced to Plaintiff in this action. At some point in the deposition, defense counsel became aware of the document's presence in the binder based upon the questioning of Plaintiff's counsel.

During the deposition, counsel for Plaintiff objected to any reference by the witness to the policies in the binder. Toward the end of the deposition, counsel for Plaintiff asked the witness about Defendant's policy for reimbursing hourly paid employees for using their cell phone for work-related purposes. The witness referred to the binder and quoted from Defendant's Telephone/Cell Phone Usage Policy in order to answer. Defendant's Telephone/Cell Phone Usage Policy had been produced to Plaintiff during discovery. Plaintiff's counsel asked the court reporter to mark the binder as an exhibit. Counsel for Defendant objected to marking the binder as an exhibit. Counsel for Plaintiff asked the witness to state the title of the document in the sleeve of the binder. The witness answered "Deposition Topics and Relevant Documents." The dispute over marking the binder as an exhibit continued and the deposition was terminated.

On February 10, 2017, Defendant sent a privilege log to Plaintiff stating in part

attorney client-privilege and attorney work product privilege for the document entitled "Deposition Topics and Relevant Documents" and the documents created by outside counsel regarding this action. (ECF No. 147-5 at 6-7).

On February 15, 2017, Plaintiff's counsel contacted the Magistrate Judge regarding the "documents relied upon by a witness during a recent deposition." The Magistrate Judge ordered the parties to submit five-page briefs regarding their respective positions and ordered a telephonic attorney-only conference. (ECF No. 96).

Plaintiff asserted that she was entitled to all documents contained in the binder used by the witness at her deposition. Plaintiff asserted that the witness had reviewed all materials in the binder including the document created by Defendant's counsel in order to prepare for the deposition, and that the witness had referred to the documents in the binder throughout the course of the deposition. Plaintiff asserted that counsel was entitled to inspect the documents in the binder used by the witness throughout her deposition pursuant to Fed. R. Evid. 612. (ECF No. 101).

Defendant asserted that the binder contained an attorney-created collection of Defendant's policies protected by attorney work product. Defendant further asserted that the witness had not relied upon any particular policy in the binder. (ECF No. 107).

On March 8, 2017, the Magistrate Judge entered an order which required Defendant to produce "all documents that their 30(b)(6) witness reviewed, consulted, or glanced at during the course of her deposition." (ECF Nos. 114, 149).

On March 22, 2017, Defendant filed the objection before this Court. (ECF No. 132). Plaintiff filed an opposition. (ECF No. 147). Defendant filed a reply. (ECF No. 151).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the case must consider timely objections [to nondispositive decisions of the assigned magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## CONTENTIONS OF THE PARTIES

Defendant contends that the witness binder is protected from disclosure under attorney-client privilege and attorney work-product privilege. Defendant contends that the binder was prepared in order to facilitate the preparation of the witness by counsel for the deposition. Defendant contends that the policies in the binder have been produced to Plaintiff, and that the attorney selected collection and the index in the binder represents work product. Defendant asserts that the order to disclose attorney-client materials and work product was clearly erroneous and contrary to law. Defendant further asserts that disclosure was not required under Fed. R. Evid. 612 because the witness did not use the materials in the binder to refresh her recollection,[1] the witness did not use the document for the purpose of testifying, and the Magistrate Judge did not determine that the production of the witness binder was necessary in the interest of justice.

Plaintiff contends that Defendant has waived a claim of attorney-client privilege and work product protection for the entire binder by failing to timely object to production. Plaintiff asserts that Defendant has not demonstrated attorney-client privilege or work product protection under California law. Plaintiff further asserts that she is entitled to production of the binder of documents pursuant to Fed. R. Evid. 612 on the grounds that the documents in the binder were used by the witness in preparation for the deposition.

## RULING OF THE COURT

Generally, communications between a lawyer and client which are intended to be confidential are protected from disclosure. Cal. Evid. Code § 954. Confidential communications include not only information given by a client to his or her attorney but also the attorney's legal opinion and advice given to the client. Cal. Evid. Code § 952. The party claiming the attorney-client privilege as a bar to disclosure has the burden of

---

[1] Defendant concedes that the witness quoted from the Telephone/Cell Phone Usage policy and reproduced this policy to Plaintiff subsequent to the deposition.

showing that the communication sought to be suppressed falls within the parameters of the privilege. *Alpha Beta Co. v. Superior Court (Sundy)*, 203 Cal. Rptr. 752, 755 (Ct. App. 1984).

Work product doctrine is a qualified privilege that protects materials "prepared by an attorney acting for his client in anticipation of litigation." *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). [2] Rule 26(b)(3) of the Federal Rules of Civil Procedure states in relevant part:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A),(B)

In this case, Defendant has made a sufficient showing that the materials in the binder were prepared by counsel acting in anticipation of the deposition. The order of the Magistrate Judge does not make any findings regarding waiver, substantial need, or undue hardship required to order the production of materials protected by attorney-client privilege or Rule 26(b)(3).

If a deponent uses documents to refresh her memory "while testifying" during a deposition, Fed. R. Evid. 612 provides that "an adverse party is entitled to have the writing produced...". When a deponent reviews documents "before testifying," Rule 612 provides that "an adverse party is entitled to have the writing produced" . . . "if the

---

[2] Since the attorney work product doctrine involves procedural consideration, federal law applies. *See Connolly Data Systems, Inc. v. Victor Technologies, Inc.*, 114 F.R.D. 89 (S.D. Cal. 1987) (Moskowitz, M.J.).

court decides that justice requires the party to have those options." Fed. R. Evid. 612(a),(b). In this case, the transcript of the deposition shows that the witness relied upon some limited reference to the binder while testifying. However, the order fails to identify any document subject to disclosure under Rule 612 and does not make any finding regarding the interests of justice. Based upon the record before this Court, the Court concludes that the order (ECF No. 114, 149) is contrary to law.

IT IS HEREBY ORDERED that Defendant Destination Maternity Corporation's objection to order (ECF Nos. 114, 149) is sustained and the motion to set aside the order (ECF Nos. 114, 149) pursuant to Fed. R. Civ. P. 72(a) (ECF No. 132) is granted.

DATED: May 5, 2017

**WILLIAM Q. HAYES**
United States District Judge